## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Pack Liquidating, LLC, *et al.*,[1] | Case No. 22-10797 (CTG) |
| Debtor. | (Jointly Administered) |
| Pack Liquidating, LLC, *et al.*, | |
| Plaintiffs, | Adv. Proc. No. 23-_____ (CTG) |
| v. | |
| Quality King Distributors, Inc., | |
| Defendant. | |

## COMPLAINT FOR TEMPORARY INJUNCTIVE RELIEF

1.      Pack Liquidating, LLC (f/k/a Packable Holdings, LLC, "Pack Liquidating")
and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as
debtors and debtors in possession and plaintiffs in the above-captioned adversary proceeding
(collectively, the "Debtors" or "Plaintiffs"), allege for this Complaint, upon knowledge of their
own acts and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

2.      This is an adversary proceeding brought pursuant to Rules 7001 and 7065
of the Federal Rules of Bankruptcy Procedure  and sections 105 and 362 of title 11 of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Pack Liquidating, LLC (6932); GV Liquidating LLC (1513); PM Liquidating, LLC (6006); PP Liquidating, LLC (6676); PV Liquidating, LLC (1172); and AB Liquidating, LLC (8582).  The location of the Debtors' service address in these chapter 11 cases is c/o Cooley LLP, 55 Hudson Yards, New York, NY 10001.

States Code (the "<u>Bankruptcy Code</u>") to extend the automatic stay under Bankruptcy Code section 362 to a civil action (the "<u>Personal Guarantee Action</u>") commenced by Defendant Quality King Distributors, Inc. ("<u>Quality King</u>") to enforce a purported Personal Guarantee (defined below) of certain prepetition Debtor obligations owed to Quality King against Adam J. Berkowitz ("<u>Berkowitz</u>").

3.       Both Quality King and Berkowitz are insiders of the Debtors. Specifically, at the time the Purported Personal Guarantee was allegedly made, Quality King, which was a key vendor of the Debtors, held (and still holds) a seat on Pack Liquidating's board, and Berkowitz was the Chief Commercial Officer of the Debtors. Absent a stay, the Personal Guarantee Action could erode the proceeds available under the Debtors' director and officer liability insurance policies (the "<u>D&O Policies</u>") and would invite other creditors to commence similar proceedings against current former managers and officers of the Debtors. The Debtors seek a temporary injunction to extend the automatic stay to the Personal Guarantee Action to avoid the irreparable harm to the Debtors' liquidation efforts that this insider-on-insider violence would cause if allowed to continue.

4.       The estates hold potential claims against certain non-independent officers and managers of the Debtors that may be covered by the D&O Policies and could provide a valuable source of recovery for the estates' creditors (the "<u>Insider Claims</u>"). Indeed, the Debtors are in the midst of sensitive discussions with certain key stakeholders, including their senior secured lenders and the Official Committee of Unsecured Creditors, regarding the feasibility of a liquidating chapter 11 plan and the terms on which those parties would support such a plan. The Debtors expect that a key feature of any such plan would be the implementation of a post-confirmation trust to pursue litigation claims, including the Insider Claims, for the benefit of the

2

estates' creditors. Thus, preserving available coverage under the D&O Policies for the benefit of the Debtors' independent managers and non-insider creditors is an important component of the Debtors' strategy for achieving a successful exit from these Chapter 11 Cases. *See Declaration of Brian Teets in Support of Debtors' Motion for Preliminary Injunctive Relief* ("<u>Teets Decl.</u>") ¶¶ 6-12.

5. On the other hand, Quality King will not be materially prejudiced by staying the Personal Guarantee Action on a temporary basis—*i.e.*, through the effective date of any liquidating plan (or, in the alternative, the dismissal or conversion of these chapter 11 cases). Quality King faces no imminent risk of harm or loss that would arise from the Personal Guarantee Action being temporarily stayed. Moreover, Quality King retains its direct claims against the Debtors and may obtain a recovery on those claims depending on, among other things, the ultimate outcome of the liquidation process.

6. Thus, the equities and the interests of justice weigh in favor of staying the Personal Guarantee Action, and this Court should grant the requested injunctive relief.

## <u>JURISDICTION AND VENUE</u>

7. This adversary proceeding arises in and relates to Debtors/Plaintiffs' Chapter 11 Cases.

8. This Court has jurisdiction to consider this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This Court has subject matter jurisdiction over the claims against Quality King pursuant to 28 U.S.C. §§ 157 and 1334.

9. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this adversary proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

274948718 v5
IMPAC 10893992v.4

10. Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

11. As described in the *Declaration of Brian Teets in Support of the Chapter 11 Petitions and First Day Motions* [D.I. 13],[2] prior to the wind-down of their operations, the Debtors (*i.e.*, the Plaintiffs in this adversary proceeding) were a third-party seller of health and beauty products on online marketplaces in North America.

12. Quality King, the Defendant in this adversary proceeding, contends it is the beneficiary of the Purported Personal Guarantee allegedly provided by Berkowitz with respect to certain financial obligations owed by the Debtors to Quality King.  At the time the Purported Personal Guarantee was allegedly made, Quality King held (and still holds) a seat on Pack Liquidating's board of managers.

13. Berkowitz, the defendant in the Personal Guarantee Action, was the Chief Commercial Officer for the Debtors at the time the Purported Personal Guarantee was allegedly made.

## FACTUAL BACKGROUND

### The Debtors' Bankruptcy Proceeding

14. On August 28, 2022, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the Chapter 11 Cases.  The Debtors

---

[2] Docket numbers with a "D.I." reference refer to documents filed in the lead jointly-administered chapter 11 case, Case No. 22-10797 (CTG) (Bankr. D. Del.).

IMPAC 10893992v.4

continue to operate their businesses and manage their properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The Personal Guarantee Action**

15.     Quality King alleges that, in April 2022, Berkowitz provided a personal guarantee (the "Purported Personal Guarantee") of payment with respect to an order of inventory by the Debtors from Quality King totaling $220,744, on account of which the Debtors still owe Quality King $161,041. *See Declaration of Erica Richards in Support of Debtors' Motion for Temporary Injunctive Relief* ("Richards Decl.") at Ex. 1.

16.     On May 17, 2023, Quality King filed a complaint in New York Supreme Court for the County of Suffolk commencing the Personal Guarantee Action and seeking to enforce the Purported Personal Guarantee against Berkowitz. *Id.*

17.     Berkowitz disputes the enforceability of the Purported Personal Guarantee. He also contends that the claims asserted against him in the Personal Guarantee Action are covered by the D&O Policies and has requested that his defense costs be advanced from proceeds of the D&O Policies. *See* Teets Decl. ¶ 8.

## COUNT ONE

**(Injunction Staying the Personal Guarantee Action Against Berkowitz)**

18.     The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19.     Absent an order enjoining the Personal Guarantee Action, the Debtors will suffer irreparable harm that will threaten the integrity of the underlying bankruptcy proceeding. Berkowitz is a former officer and employee of the Debtors. Quality King is a former vendor of the Debtors and continues to hold a seat on Pack Liquidating's board of managers. Berkowitz has

274948718 v5
IMPAC 10893992v.4

asserted a claim for advancement of defense costs under the D&O Policies in connection with the Personal Guarantee Action. Teets Decl. ¶¶ 6-12.

20.     Should the Personal Guarantee Action be continued, the proceeds available under the D&O Policies would be eroded to the detriment of the Debtors' independent managers and non-insider creditors, jeopardizing the Debtors' ability to successfully exit these Chapter 11 Cases. *Id.* ¶¶ 7-9. As noted above and in the motion and brief accompanying this Complaint, the balance of the harms and the public interest weighs in favor of temporarily enjoining the Personal Guarantee Action against Berkowitz through the effective date of a liquidating plan or other disposition of these Chapter 11 Cases. Quality King would not be materially harmed by the requested temporary injunctive relief.

21.     An injunction staying the Personal Guarantee Action against Berkowitz is therefore appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the Debtor-Plaintiffs pray the Court to enter an order staying the Personal Guarantee Action as to Berkowitz until the earliest to occur of (a) the effective date of a plan of liquidation confirmed in the Chapter 11 Cases; (b) the dismissal of the Chapter 11 Cases; and (c) the conversion of the Chapter 11 Cases to proceedings under chapter 7 of the Bankruptcy Code.

*[Remainder of Page Intentionally Left Blank]*

IMPAC 10893992v.4

Dated: July 7, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ L. Katherine Good*

Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
kgood@potteranderson.com
astulman@potteranderson.com

- and -

Michael Klein, Esq.
Erica Richards, Esq.
Paul Springer, Esq.
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: mklein@cooley.com
erichards@cooley.com
pspringer@cooley.com

- and -

Cullen Drescher Speckhart, Esq.
**COOLEY LLP**
1299 Pennsylvania Avenue, NW Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: cspeckhart@cooley.com

*Counsel for Debtors and Debtors in Possession*

274948718 v5
IMPAC 10893992v.4